**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 4, 2018

LETTER TO COUNSEL

RE:     *Glenn Redmond v. Commissioner, Social Security Administration*;[1]
        Civil No. SAG-17-876

Dear Counsel:

On March 31, 2017, Plaintiff Glenn Redmond petitioned this Court to review the Social Security Administration's ["SSA"] final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. [ECF No. 2]. I have considered the parties' cross-motions for summary judgment, and Mr. Redmond's reply. [ECF Nos. 21, 22, 23]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Mr. Redmond's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Redmond filed his claims for benefits on December 27, 2010, alleging a disability onset date of May 7, 2009. (Tr. 200-10). His claims were denied initially and on reconsideration. (Tr. 141-45, 151-54). A hearing was held on June 7, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 29-90). Following the hearing, the ALJ determined that Mr. Redmond was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 12-28). After the Appeals Council ("AC") denied Mr. Redmond's request for review, (Tr. 1-7), this Court remanded the case to the SSA for further consideration, (Tr. 737-38). A second hearing was held on May 12, 2015, and after that hearing, the ALJ again determined that Mr. Redmond was not disabled. (Tr. 1030-44). The AC again denied review, (Tr. 680-84), making the ALJ's 2015 decision the final, reviewable decision of the Agency.

The ALJ found that Mr. Redmond suffered from the severe impairments of "Degenerative Disk Disease, Depression, Anxiety Disorder, Antisocial Personality Disorder, Left Tibial Nonossifying Fibroma, Status-Post Left Ankle Wound, and Hepatitis C." (Tr. 1032). Despite these impairments, the ALJ determined that Mr. Redmond retained the residual functional capacity ("RFC") to:

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can only frequently operate foot controls with the left lower extremity; can only occasionally climb ramps, stairs, balance, stoop, kneel, crouch and crawl; can never climb ladders, ropes and scaffolds; must avoid concentrated exposure to extreme cold, excessive vibration, hazardous moving machinery and unprotected heights; can only perform simple routine and repetitive tasks in a low stress work environment (defined as no strict production quotas); and can only occasionally interact with the public, co-workers and supervisors.

(Tr. 1036).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Redmond could perform light and sedentary jobs existing in significant numbers in the national economy and that, therefore, he was not disabled.  (Tr. 1043-44).

Mr. Redmond makes five primary arguments on appeal: (1) that the ALJ did not assign sufficient weight to the opinion of his treating physician; (2) that the ALJ did not assign sufficient weight to the opinion of his licensed clinical social worker ["LCSW"]; (3) that the ALJ erred in assessing his mental limitations; (4) that the ALJ failed to assign weight to the opinions of the State agency physicians; and (5) that the ALJ's RFC assessment was not supported by substantial evidence.  Each argument lacks merit and is addressed below.

First, Mr. Redmond argues that the ALJ should have assigned more weight to the opinion of his treating physician, Dr. Michael Gardyn.  Pl. Mot. 7-10.  Dr. Gardyn opined that Mr. Redmond met Listing 1.04.  (Tr. 579).  Although the opinions of treating physicians can be entitled to controlling weight, such an opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence of record.   20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  The ALJ is not required to give controlling weight to a treating physician's opinion on the ultimate issue of disability.  *Id.* § 404.1527(d)(1); SSR 96-5P, 1996 WL 374183, at *1 (S.S.A. July 2, 1996).  Here, the ALJ provided a detailed explanation of his finding that Listing 1.04 is not met.  (Tr. 1033).  The ALJ cited to the objective medical testing, the results from physical examinations, the lack of any evidence of use of assistive devices for ambulation, and the activities of daily living that were cited in the record.  *Id.*  Accordingly, the ALJ cited to substantial evidence of record to support an assignment of less than controlling weight to Dr. Gardyn's opinion.

Second, Mr. Redmond argues that the ALJ assigned inadequate weight to the opinions of Andrew McClure, his treating LCSW.  Pl. Mot. 10-12.  The Social Security regulations distinguish between "acceptable medical sources" and "other healthcare providers who are not acceptable medical sources," including LCSWs, because, among other reasons, only acceptable medical sources can offer "medical opinions."  20 C.F.R. §§ 404.1513, 404.1527(a)(2), 416.913, 416.927(a)(2); SSR 06-03P, 2006 WL 2329939, at *1-2 (S.S.A. Aug. 9, 2006).  Social Security Ruling 06-03P explains that, "[a]lthough the factors set forth in 20 C.F.R. 404.1527(d) and 416.927(d) explicitly apply only to the evaluation of opinions from 'acceptable medical sources,' these same factors can be applied to opinion evidence from 'other sources.'"  SSR 06-03P, 2006 WL 2329939, at *4.  In this case, the ALJ did not cite to Mr. McClure's job title as a reason for

discounting his opinions. Instead, the ALJ determined that Mr. McClure's opinion regarding the severity of Mr. Redmond's impairments did not comport with his own examination notes. (Tr. 1042). The ALJ did assign "moderate weight" to the GAF score that Mr. McClure assigned on December 2, 2010. *Id.* An ALJ need not parrot a single medical opinion, or even assign "great weight" to any opinions, in determining an RFC. Instead, an ALJ is required to consider "all of the relevant medical and other evidence." *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also Felton–Miller v. Astrue,* 459 F. App'x 226, 230-31 (4th Cir. 2011) (determining that an ALJ need not obtain an expert medical opinion to back a particular RFC, but should base an individual's RFC on all available evidence). The mere fact that there are no opposing opinions to contradict Mr. McClure's opinion, then, does not automatically require an assignment of more weight to the opinion, given the ALJ's proper evaluation of all of the evidence of record.

Third, Mr. Redmond suggests that the ALJ's use of boilerplate language to assess his mental impairment runs afoul of the Fourth Circuit's ruling in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). In assessing Mr. Redmond's RFC, the ALJ stated that Mr. Redmond's subjective complaints "concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (Tr. 1038). The ALJ's statement is similar to the problematic boilerplate language that the Fourth Circuit determined warranted remand in *Mascio*. 780 F.3d at 639. It is, however, critically distinguishable from the *Mascio* boilerplate, because it does not reference the ALJ's RFC assessment and thus does not imply that the ALJ first assessed Mr. Redmond's RFC and then used that assessment to determine his credibility. *See id.* Moreover, the ALJ cured any issue created by his use of boilerplate credibility language by thereafter properly and thoroughly analyzing Mr. Redmond's credibility. (Tr. 1042-43).

Mr. Redmond also suggests that the ALJ's reference to GAF scores undermines his analysis. Pl. Mot. 15. Though it is well established that GAF scores are not determinative of disability, nothing prohibits an ALJ from considering GAF scores as one component of a full analysis of the evidence of record. *See, e.g.*, *Davis v. Astrue*, Case No. JKS-09-2545, 2010 WL 5237850, at *3 (D. Md. Dec. 15, 2010); *Kozel v. Astrue*, No. JKS-10-2180, 2012 WL 2951554, at *10 (D. Md. July 18, 2012) (citing *Rios v. Comm'r of Soc. Sec.*, 444 F. App'x 532, 535 (3d Cir. 2011) and *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002)). Here, though the ALJ assigned weight to the various GAF scores in the record, he also weighed the results of mental examinations, Mr. Redmond's activities of daily living, and his credibility in considering the extent of any mental limitations. (Tr. 1034-42). Accordingly, the mere inclusion of the GAF scores as part of the comprehensive discussion does not warrant remand.

Fourth, Mr. Redmond correctly notes that the ALJ did not evaluate the opinions of the non-examining State agency physicians. Pl. Mot. 15-17. However, those physicians rendered opinions that comport precisely with, or are less restrictive than, the ALJ's RFC assessment. *Compare* (Tr. 1036) *with* (Tr. 98-99, 134-35) (physician opinions finding functional capacity to perform a reduced range of light work). Accordingly, the ALJ owed no duty to explain any difference between the State agency physicians' opinions and the RFC, since no meaningful differences existed, and any error in failing to make an express assignment of weight to those

opinions constitutes harmless error. *See Shinseki v. Sanders*, 556 U.S. 396, 407-10 (2009) (holding that the party objecting to an agency's ruling must prove that the error was harmful).

Finally, Mr. Redmond suggests that the ALJ's RFC assessment is not supported by substantial evidence, particularly as to the need for a sit/stand option and as to Mr. Redmond's mental limitations. Pl. Mot. 17-19. Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Mr. Redmond's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under that standard, I find that the ALJ supported his conclusion with substantial evidence. With respect to Mr. Redmond's physical impairments, the ALJ cited to both activities of daily living, including shoveling snow, washing the car, assisting his father with transfers to and from the bathroom, and packing boxes, and to objective evidence, such as "mild to moderate" findings in imaging studies and normal examination results. (Tr. 1038, 1041, 1042). As to the mental impairments, the ALJ cited to evidence including Mr. Redmond's ability to attend his children's football games, meet his girlfriend at a flea market, go shopping, and attend NA meetings; the documented improvement of his symptoms with medication and normal mental status examinations while medicated; and the reasons discussed above relating to the assignment of weight to treating medical sources. (Tr. 1037, 1038, 1040-41, 1042). Given the detailed discussion provided by the ALJ and the substantial evidence referenced therein, remand is not warranted.

For the reasons set forth herein, Mr. Redmond's Motion for Summary Judgment, [ECF No. 21], is DENIED, and Defendant's Motion for Summary Judgment, [ECF No. 22], is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge